Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **VOLTAGE PICTURES, LLC**, et al.<br><br>Plaintiffs,<br><br>v.<br><br>**DOE-215**, a/k/a IP 24.21.208.215,<br><br>Defendant. | Case No.: 6:14-cv-00300-AA<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO EXPEDITE DISCOVERY |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26 and 45, plaintiffs hereby move this Court *ex parte* for an Order permitting plaintiffs to take further limited expedited discovery prior to the Rule 26 conference to ascertain the identity of the Doe defendant affiliated with the IP address 24.21.208.215 as identified in the complaint.

## I.  INTRODUCTION

Plaintiff Voltage Pictures, LLC, is in the business of producing marketing and distributing motion pictures, including the subject motion picture in this case titled *The Company You Keep*.  Plaintiff TCYK, LLC is the registered copyright owner of the motion picture *The Company You Keep.*  Defendant is a BitTorrent user, or "peer," whose

computer is interconnected with others and used for illegally copying and distributing plaintiffs' motion picture to others.  Plaintiffs are suing the Doe defendant for using the Internet, specifically the BitTorrent file distribution network, to commit copyright infringement.

As defendant used the Internet to commit infringement, plaintiff only knows defendant by his or her Internet Protocol ("IP") address, and the time of the infringement as stated in the compliant.  Defendant's IP address was assigned by his or her Internet Service Provider ("ISP"), Comcast.  Comcast uses the IP address to specifically identify each person using the Internet though Comcast to transmit and receive data similar to the address on a house, namely it is the location to which it sends data requested and from which it receives data.  Publicly available data allows plaintiff to identify the specific ISP defendant used, and other information such as the city or area associated with the IP address.   Publicly available data generally does not permit plaintiff to ascertain the identity of the defendant.  But as Comcast controls defendant's access to the Internet, so too does Comcast have the records which tie the IP address identified as infringing plaintiff's copyright to a specific party who contracted with Comcast for service. Without this information, plaintiff cannot ascertain the identity of the defendant nor pursue this lawsuit to protect its valuable copyrights.

Accordingly, plaintiff seeks leave to serve a Rule 45 subpoena on the ISP Comcast, as well as any related intermediaries.  Such a subpoena will be limited to non-content subscriber account information such as the true name, address, telephone number, and e-mail address of the parties associated with IP address 24.21.208.215.  Any such

information obtained will be used solely for protecting and enforcing plaintiff's rights as set forth in the Complaint filed in this case.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery. *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.")

Courts routinely allow discovery to identify "Doe" defendants operating through the Internet. *Voltage v. Does 1 – 371, et al.*, 3:13-cv-00295-AA (D. Or. Jun. 7, 2013) (Order releasing subpoenaed information of severed Doe #1.); *Matot v. Does 1-5*, 6:13-cv-00153-TC (D. Or. Feb. 12, 2013) (leave granted to subpoena any email service or internet service providers for such further information as may be needed to specifically identify the Doe defendants); *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Cottrell v. Unknown Correctional Officers, 1-10,* 230 F .3rd 1366 (9th Cir. 2000); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); *Murphy v. Goord*, 445

F.Supp.2d 261, 266 (W.D. New York 2006) (in situations where the identity of alleged defendants may not be known prior to the filing of a complaint, the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants); *Equidyne Corp. v. Does 1-21*, 279 F.Supp.2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards).

Courts consider the following factors when granting motions for expedited discovery to identify anonymous internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that the defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-580 (N.D. Cal. 1999)

First, plaintiff can identify the missing party with sufficient specificity: the missing party is the either the subscriber who contracted for use of IP address 24.21.208.215, or a party known to the subscriber as plaintiffs have specifically identified in the complaint. Second, though plaintiff has been able to identify much about the defendant, namely who he or she uses as his or her ISP, where he or she is generally located, and what software he or she used to commit acts of infringement, plaintiff has no means to readily identify the Doe defendant as a named individual. Comcast has procedures for revealing such information, but requires a subpoena as a matter of course. Third, plaintiff states a claim for copyright infringement. Specifically, plaintiff has alleged sufficient facts to support a plausible right to relief well above any general level of mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Good cause clearly exists in this case because the ISP used to commit the acts of copyright infringement is the only source that can supply the information necessary to identify the defendant. A further basis for good cause is that in a claim for copyright infringement there is a presumption of irreparable harm to the copyright owner. *See UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 (N.D. Cal. 2008) (Finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference.)

If plaintiff is denied the ability to subpoena Comcast, the identity of the infringer will remain hidden, and defendant will be able to continue to freely infringe plaintiff's copyrights and commit other acts of theft with impunity.

As such it is clearly in the interest of preserving justice and order that this court should grant Plaintiff's motion. *Semitool, Inc.*, 280 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party).

///

///

### III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests the Court grant the *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26 Conference and enter an Order allowing plaintiff to subpoena records from Comcast for the identity of the account holder assigned to the defendant's IP address, identified as an infringing party in the complaint, and for such further information as may be needed to specifically identify the Doe defendant.

DATED: February 21, 2014.

>                    */s/Carl D. Crowell*
>                    Carl D. Crowell, OSB No. 982049
>                    email:  crowell@kite.com
>                    (503) 581-1240
>                    Of attorneys for the plaintiffs